JAQUALIN FRIEND PETERSON (6226)
DARIN B. GOFF (11355)
DANIEL R. WIDDISON (11979)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
jfpeterson@agutah.gov
dgoff@agutah.gov
dwiddison@agutah.gov
*Attorneys for Defendant Utah Tech University*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| REBECCA BROADBENT, JARED RASBAND, AND HAZEL SAINSBURY, <br><br> *Plaintiffs*, <br><br> v. <br><br> UTAH TECH UNIVERSITY, *et al*. <br><br> *Defendants*. | **ORDER ON SEALED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF AGAINST ALL PLAINTIFFS** <br><br> Case No. 4:24-cv-00091-DN <br><br> JUDGE DAVID NUFFER <br> MAGISTRATE JUDGE PAUL KOHLER |

Pursuant to Fed. R. Civ. P. 65 and for the reasons set forth in Defendant's Sealed Emergency Motion For Temporary Restraining Order And Injunctive Relief Against All Plaintiffs [Doc. _____], the Court finds as follows:

1. Plaintiff Rebecca Broadbent is an attorney licensed in Utah and is currently General Counsel for Utah Tech University.

2. Plaintiff Jared Rasband is an attorney licensed in Utah and is currently Senior Associate General Counsel for Utah Tech University.

3. Plaintiff Hazel Sainsbury is the Director of Equity Compliance and Title IX Coordinator for Utah Tech University.

4. Utah Tech University is an institution of higher education created and governed according to Utah law.

5. Utah Tech University is required by law and policy to have a Title IX office

6. Plaintiffs have disclosed privileged and/or confidential information in the complaint without the approval of Utah Tech University. [Doc. 2]

7. A breach of the attorney-client privilege, confidentiality, or the confidentiality concomitant with Title IX and EEO proceedings is a harm to the University that cannot be remedied via monetary sanctions as once the confidentiality is lost, it cannot be restored.

8. Utah Tech University must have legal counsel and related confidentiality to operate.

Therefore, IT IS HEREBY ORDERED:

1. The Complaint [Doc. 2] is hereby SEALED from public view and Plaintiffs shall withdraw their Complaint [Doc. 2];

2. Any further action in this matter is stayed until further ordered by the court, including serving or seeking a waiver of service of the complaint, until a substitute complaint is filed as described below;

3. Plaintiffs may file an amended or substitute complaint, but must first send any such complaint to Defendant Utah Tech University for review. If Utah Tech University determines that any portion of the complaint contains confidential or privileged information, Plaintiffs may seek to file those portions under seal;

4. During the pendency of this action, prior to making voluntarily disclosures of any potentially privileged or confidential information that Plaintiffs obtained while employed by or representing Utah Tech, they must first give advance notice of the disclosure to Utah Tech and provide Utah Tech a reasonable time to object and take steps to preserve the confidentiality and privileged nature of such information;

5. All objections made by Plaintiffs related to privilege and confidentiality in connection with intended voluntary disclosures must be ruled on exclusively by this Court;

6. Any filings or documents which may contain, reveal, or otherwise disclose privileged or confidential information must be filed under seal with limited access, including among the parties to this case who are not already aware

of the subject information;

7. Within 28 days of this order, Plaintiffs are to advise Utah Tech in a sworn statement the identity of any and all individuals or entities to whom they provided copies of the complaint;

8. Plaintiffs are enjoined from disclosing or using Utah Tech's privileged or confidential information without leave of court, at the risk of sanctions up to and including dismissal of this action; and

9. Plaintiffs are enjoined from conducting discovery into privileged, work product, or confidential material, except as allowed by court order, at the risk of sanctions up to and including dismissal of this action.

DATED this _____ day of December, 2024.

## CERTIFICATE OF SERVICE

I certify that on this 31st day of December, 2024, I electronically filed the foregoing, **[PROPOSED] ORDER ON SEALED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF AGAINST ALL PLAINTIFFS**, using the Court's electronic filing system. I also certify that a true and correct copy of the foregoing was emailed to the following:

Lisa R. Petersen
Amy L. Herrington
Jolene Summerhays
COHNE KINGHORN, P.C.
lpetersen@ck.law
aherrington@ck.law
jsummerhays@ck.law

*/s/Dustie Ross*