SNOW JENSEN & REECE, P.C.
V. Lowry Snow (Utah Bar No. 3030)
J. Gregory Hardman (Utah Bar No. 8200)
Devon J. Herrmann (Utah Bar No. 15627)
Tonaquint Business Park
912 West 1600 South, Suite B-200
St. George, UT 84770
Telephone: (435) 628-3688
vlsnow@snowjensen.com
*Attorneys for Richard "Biff" Williams, Michael Lacourse, and Eric Pedersen*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| REBECCA BROADBENT, JARED RASBAND, AND HAZEL SAINSBURY,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD "BIFF" WILLIAMS, JORDON SHARP, DEL BEATTY, MICHAEL LACOURSE, HENRIE WALTON, TIFFANY WILSON, UTAH TECH UNIVERSITY, GEOFF LANDWARD, UTAH BOARD OF HIGHER EDUCATION, UTAH SYSTEM OF HIGHER EDUCATION, THE OFFICE OF THE COMMISSIONER OF HIGHER EDUCATION, ALISON ADAMS, ERIC PEDERSEN, MATT BLACK, JYL HALL, JARED MADSEN, STACY SCHMIDT, BROOKE ULRICH, TRAVIS ROSENBERG, and COURTNEY WHITE.<br><br>JOHN AND JANE DOES I-X<br><br>Defendants. | **DEFENDANT, MICHAEL LACOURSE'S, MOTION FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><br><br>Civil No.4:24-cv-00091-DN-PK<br><br>Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

# TABLE OF CONTENTS

**Page(s)**

COVER PAGE

TABLE OF AUTHORITIES ..................................................................................................ii

MOTION..................................................................................................................................1

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................................1-2

STATEMENT OF FACTS .......................................................................................................2-4

LAW .......................................................................................................................…4-6

    I.      More Definite Statement......................................................................................…4-5

    II.     Short Plain Statement of the Claim………………………………………………5-6

ARGUMENT ..........................................................................................................................6-10

    I.      Motion for More Definite Statement ...................................................................6-10

CONCLUSION.......................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allred v. Cook*,
   590 P.2d 318, 320 (Utah 1979))..................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662, 678 (2009)............................................................................................5

*Baum v. Gillman*,
   667 P.2d 41, 43 (Utah 1983)................................................................................. 6, 9

*Becker v. Kroll*,
   494 F.3d 904, 927 (10th Cir. 2007) ............................................................................6

*Bell Atlantic Corp. v. Twombly et al.*,
   550 U.S. 544, 555 (2007)........................................................................................…..1

*Boisjoly v. Morton Thiokol, Inc.*,
   706 F. Supp. 795, 800 (D. Utah 1988)........................................................................7

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*,
   861 F.3d 1081, 1105 (10th Cir. 2017) ........................................................................7

*Celle v. Filipino Reporter Enters. Inc.*,
   209 F.3d 163, 188 (2d Cir. 2000)................................................................................7

*Celli v. Shoell*,
   995 F. Supp. 1337 (D. Utah 1998).........................................................................4, 9

*Creamer v. Ellis Cnty. Sheriff Dep't*,
   2009 WL 484491, at *1 (D. Kan. Feb. 26 2009))..................................................….4

*Eagle Air Med Corp. v. Sentinel Air Med. All., LLC*,
   No. 2:16-CV-00176-TC-EJF, 2019 WL 6879252, at *2 (D. Utah Dec. 17, 2019) ...…….4, 7, 9

*Goldstein v. Kinney Shoe Corp.*,
   931 F. Supp. 595, 597 (N.D. Ill. 1996) ...................................................................4, 9

*Greenbelt Coop. Publ'g Ass'n v. Bresler*,
   398 U.S. 6, 14, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970)...................................................9

*Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*,
　175 F.3d 848 (10th Cir. 1999). ...............................................................................................7

*John Bean Techs. Corp. v. B GSE Grp., LLC*,
　480 F. Supp. 3d 1274, 1322 (D. Utah 2020)......................................................................6, 8

*Mann v. Boatright*,
　477 F.3d 1140, 1148 (10th Cir. 2007)). ..................................................................................6

*May v. Rottinghaus Co., Inc.*,
　394 F. Supp. 3d 1334, 1338 (D. Kan. 2019).........................................................................2

*Milkovich v. Lorain Journal Co.*,
　497 U.S. 1, 20, 25 (1990).......................................................................................................7

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas*,
　891 F.2d 1473, 1480 (10th Cir. 1989) ...................................................................................5

*Nasious v. Two Unknown B.I.C.E. Agents*,
　492 F.3d 1158, 1163 (10th Cir. 2007). ..............................................................................5, 10

*Nelson v. Intermountain Healthcare*,
　No. 4:24-CV-00097-PK, 2024 WL 4988991, at *1 (D. Utah Dec. 5, 2024)..........................2

*Paciorek v. Lehi City*,
　No. 2:23-CV-00905, 2024 WL 1178583, at *1 (D. Utah Mar. 19, 2024) ..........................1, 5

*Rich v. Stephens Cnty.*,
　No. 24-6016, 2024 WL 4556391, at *1 (10th Cir. Oct. 23, 2024)........................................10

*Robbins v. Oklahoma*,
　519 F.3d 1242, 1250 (10th Cir. 2008)) ................................................................................10

*Rudder Holding Co., LLC v. Christensen*,
　No. 2:17-CV-00678-DN, 2021 WL 1171781, at *11 (D. Utah Mar. 28, 2021 .....................2

*Shanley v. Hutchings*,
　716 F. Supp. 3d 1179, 1197 (D. Utah 2024)..........................................................................6

*Swierkiewicz v. Sorema N. A.*,
　534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002)......................................................................4

*Swig Holdings, LLC v. Sodalicious, Inc.*,

No. 2:15CV307DAK, 2015 WL 5999896, at *1 (D. Utah Oct. 14, 2015) ..........................4, 5

*Torain v. Morrissey*,
559 F. App'x 778 (10th Cir. 2014) .......................................................................................10

*Van Ornum v. Am. Med. Ass'n*,
No. 214CV00921RJSEJF, 2017 WL 4339653, at *1 (D. Utah Sept. 29, 2017). ....................2

*West v. Thomson Newspapers*,
872 P.2d 999, 1007–08 (Utah 1994).........................................................……..6, 8, 9

*Seegmiller v. KSL, Inc.*,
626 P.2d 968, 977 n.7 (Utah 1981).........................................................................................7

*SME Steel Contractors, Inc. v. Seismic Bracing Co., LLC*,
681 F. Supp. 3d 1181, 1220 (D. Utah 2023)............................................................................9

*Westmont Residential LLC v. Buttars*,
2014 UT App 291, ¶24, 340 P.3d 183 ....................................................................................9

## Other Authorities

Fed. R. Civ. Proc. 8.........................................................................................……….2, 5

Fed. R. Civ. Proc. 12..........................................................................................…………5

## Pleadings

First Amended Complaint.....................................................................………………….1

# MOTION FOR A MORE DEFINITE STATEMENT

Defendant, Michael Lacourse ("Lacourse"), respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(e), for an order compelling Plaintiffs Rebecca Broadbent ("Broadbent"), Jared Rasband ("Rasband"), and Hazel Sainsbury ("Sainsbury") (collectively, the "Plaintiffs") to provide a more definite statement regarding their defamation *per se* cause of action. As written, Plaintiffs' defamation *per se* cause of action is vague and ambiguous and fails to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."[1] Consequently, this Court should grant Lacourse's Motion for a More Definite Statement.

Lacourse's Motion is based upon the following Memorandum of Points and Authorities, the pleadings and other documents filed in this action, and any other argument or evidence the Court may consider.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs filed an Amended Complaint against Lacourse on February 24, 2025,[2] raising six causes of action.[3] Of the six causes of action, Plaintiffs' defamation *per se* claim is unintelligible

---

[1] *Paciorek v. Lehi City*, No. 2:23-CV-00905, 2024 WL 1178583, at *1 (D. Utah Mar. 19, 2024) (quoting *Bell Atlantic Corp. v. Twombly et al.*, 550 U.S. 544, 555 (2007)).

[2] The First Amended Complaint (Dkt.118) also names Defendants Richard "Biff" Williams, Jordon Sharp, Del Beatty, Eric Pedersen, Henrie Walton, Tiffany Wilson, Utah Tech University, Geoff Landward, Utah Board of Higher Education, Utah System of Higher Education, The Office of the Commissioner of Higher Education, Alison Adams, Matt Black, Jyl Hall, Jared Madsen, Stacy Schmidt, Brooke Ulrich, Travis Rosenberg, Kyle Wells, and Courtney White.

[3] Plaintiffs also allege against Lacourse: false light; tortious interference with both existing and prospective economic relations; intentional infliction of emotional distress; and alternatively, declaratory relief challenging Utah Governmental Immunity Act's constitutionality.

Motion for a More Definite Statement – Michael Lacourse
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 1

and confusing, requiring a more definite statement.[4] The purpose behind Rule 8 is to "provide notice to each individual defendant of the claims against them and the factual support for these claims."[5] As written, Plaintiffs' defamation *per se* claim fails to establish what Lacourse did, when Lacourse did it, and how Plaintiffs were harmed by Lacourse's actions.[6] Stated differently, Plaintiffs fail to provide Lacourse with sufficient notice of the legal claims being asserted against him, as required under Fed. R. Civ. P. 8(a). Accordingly, Lacourse requests that this Court grant his Motion and direct Plaintiffs to amend their pleadings, allowing him the opportunity to prepare an adequate response.

## II.   STATEMENT OF FACTS

1.   On November 8, 2023, Defendant, Richard Williams ("Williams"), former president of Utah Tech University ("Utah Tech"), left a display of an assortment of vegetables shaped as male genitalia, including a long zucchini referred to as a "zuweenie," on Defendant, Jordon Sharp's ("Sharp"), front porch as a humorous gift while Sharp recovered from a vasectomy.[7]

2.   Williams also left an accompanying note, reading "[w]e wanted to wish you well as you recover from your outpatient procedure. We thought some delicious produce from our

---

[4] *See Rudder Holding Co., LLC v. Christensen*, No. 2:17-CV-00678-DN, 2021 WL 1171781, at *11 (D. Utah Mar. 28, 2021) (*quoting May v. Rottinghaus Co., Inc.*, 394 F. Supp. 3d 1334, 1338 (D. Kan. 2019)) (holding that "a more definite statement is ... appropriate when addressing unintelligible or confusing pleadings").

[5] *Van Ornum v. Am. Med. Ass'n*, No. 214CV00921RJSEJF, 2017 WL 4339653, at *1 (D. Utah Sept. 29, 2017).

[6] *See Nelson v. Intermountain Healthcare*, No. 4:24-CV-00097-PK, 2024 WL 4988991, at *1 (D. Utah Dec. 5, 2024) (concluding that Fed. R. Civ. P. 8(a) mandates pleadings to clearly specify each defendant's actions, timing, resulting harm, and legal violations, ensuring fair notice and a basis for potential relief).

[7] *See* Am. Compl. ¶73.

Motion for a More Definite Statement – Michael Lacourse
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 2

garden would help you with your recovery. Here are two delicious egg plants and our award-winning zucchini, or as we like to call it our 'zuweenie.'"[8]

3. Williams attributed the note to Plaintiffs by signing their names to it.[9]

4. Upon receiving the note, Sharp messaged certain colleagues, inquiring who had written it.[10]

5. Subsequent to the note being left with Sharp, certain Utah Tech faculty learned that Plaintiffs' names were affixed to it.[11]

6. In response to the note, Plaintiffs formalized complaints against Williams, Sharp, and others, seeking to remedy what Plaintiffs alleged to be a hostile work environment, harassment, discrimination, retaliation, abusive conduct, and defamation.[12]

7. Plaintiffs allege that Defendant, Tiffany Wilson ("Wilson"), having learned of Plaintiffs' formalized complaint, made disparaging and false statements about Broadbent and the Office of General Counsel (the "OGC") to Interim President Courtney White ("White") (and potentially others) and sought to have Broadbent's employment terminated.[13]

8. Plaintiffs' further allege that Wilson made disparaging and false statements about Broadbent and the OGC to members of the Utah Board of Higher Education ("UBHE") Audit Committee (and potentially others), asserting that the OGC's activity was vindictive and that it had isolated itself from Utah Tech.[14]

---

[8] *Id.*
[9] *Id.*
[10] *Id.* at ¶¶77-81.
[11] *Id.*
[12] *Id.* at ¶122.
[13] *Id.* at ¶145.
[14] *Id.* at ¶146.

Motion for a More Definite Statement – Michael Lacourse
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 3

9. Plaintiffs also allege that Wilson continues to make disparaging and false statements about Broadbent.[15]

10. Finally, Plaintiffs allege that "Lacourse made similar false and defamatory statements about Plaintiffs in making excuses for his misconduct," adding no further detail to the allegation.[16] This is the basis of Plaintiffs' defamation *per se* claim against Lacourse.

## III. LAW

### a. More Definite Statement

A motion for a more definite statement is a procedural device used by courts when "a pleading fails to specify the allegations in a manner that provides [defendant with] sufficient notice"[17] of the claims asserted against him. More specifically, "[i]n the case of a defamation claim, the allegations in the complaint must afford the defendant sufficient notice of the allegedly defamatory communications to allow him to defend himself."[18] Not only that, "federal pleading standards generally require the complaint to state the specific words of the allegedly defamatory statement in order to allow the defendant to frame a responsive pleading."[19]

Additionally, "Rule 12(e) is designed to correct pleadings that are unintelligible not merely to correct a claimed lack of detail."[20] Rule 12(e) provides that a party "may move for a more definite

---

[15] *Id.* at ¶147.
[16] *Id.* at ¶231.
[17] *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002).
[18] *Eagle Air Med Corp. v. Sentinel Air Med. All., LLC*, No. 2:16-CV-00176-TC-EJF, 2019 WL 6879252, at *2 (D. Utah Dec. 17, 2019) (*citing Celli v. Shoell*, 995 F. Supp. 1337 (D. Utah 1998) (*citing Goldstein v. Kinney Shoe Corp.*, 931 F. Supp. 595, 597 (N.D. Ill. 1996)).
[19] *Id.*
[20] *Swig Holdings, LLC v. Sodalicious, Inc.*, No. 2:15CV307DAK, 2015 WL 5999896, at *1 (D. Utah Oct. 14, 2015) (quoting *Creamer v. Ellis Cnty. Sheriff Dep't*, 2009 WL 484491, at *1 (D. Kan. Feb. 26 2009)).

Motion for a More Definite Statement – Michael Lacourse
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 4

statement of a pleading … which is so vague or ambiguous that the party cannot reasonably prepare a response."[21] Rule 12(e) is to be read in conjunction with the liberal notice pleading requirements of Rule 8(a).[22] In sum, Rule 12(e) serves as a narrow corrective for pleadings that are genuinely incomprehensible, not a tool for demanding minutiae beyond the clear notice requirements of Rule 8(a).

### b. Short Plain Statement of the Claim

In order to state a proper claim, Rule 8 requires "a short and plain statement … showing that the pleader is entitled to relief."[23] Rule 8(d)(1) reinforces Rule 8(a)'s requirements by mandating that all allegations be simple, concise, and direct. To comply with Rule 8, a pleading must "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[24] These requirements ensure fair notice to the opposing party and enable the court to determine whether the allegations, if proven, warrant relief.[25] Lastly, Rule 8 precludes mere "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of 'further factual enhancement.'"[26] Consequently, "Rule 8 serves the important purpose

---

[21] Fed. R. Civ. Proc. 12(e).
[22] *See Swig Holdings, LLC*, 2015 WL 5999896, at *1.
[23] Fed. R. Civ. P. 8(a)(2).
[24] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).
[25] *See Paciorek*, No. 2:23-CV-00905, 2024 WL 1178583 at *1 (*citing Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious*, 492 F.3d at 1163 (a plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits").
[26] *Id*. (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (*quoting Twombly*, 559 U.S. at 555, 557) (alteration in original).

Motion for a More Definite Statement – Michael Lacourse
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 5

of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[27]

## IV. ARGUMENT

### a. Plaintiffs' Defamation Claim Requires a More Definite Statement

Despite alleging defamation *per se*, Plaintiffs fail to provide Lacourse with fair notice of the grounds upon which they rest. Plaintiffs' defamation *per se* claim falters upon a fundamental examination of their allegations. A defamation claim requires proof of false, defamatory, and unprivileged statements made with the requisite level of fault, resulting in damages.[28] Even without proving specific damages, a plaintiff can pursue a defamation claim by establishing the elements of defamation *per se*. But "[c]laims of defamation *per se* face an even more stringent standard."[29] A statement qualifies as defamation *per se* if it alleges: criminal conduct, a loathsome disease, conduct incompatible with a profession, or unchastity of a woman.[30] Plaintiffs' defamation *per se* claim is woefully lacking, as it broadly alleges that "Lacourse made similar false and defamatory statements about Plaintiffs in making excuses for his misconduct."[31] Remarkably, Plaintiffs do not provide Lacourse with the very statements they claim are defamatory or the *per se* category. This failure deprives Lacourse of proper notice, which is required under Rule 8, rendering Plaintiffs' defamation *per se* cause of action deficient.[32]

---

[27] *Id.* (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)).
[28] *Becker v. Kroll*, 494 F.3d 904, 927 (10th Cir. 2007) (quoting *West v. Thomson Newspapers*, 872 P.2d 999, 1007–08 (Utah 1994)).
[29] *John Bean Techs. Corp. v. B GSE Grp., LLC*, 480 F. Supp. 3d 1274, 1322 (D. Utah 2020) (quoting *Allred v. Cook*, 590 P.2d 318, 320 (Utah 1979)).
[30] *Id.*
[31] Am. Compl. ¶231.
[32] *See Shanley v. Hutchings*, 716 F. Supp. 3d 1179, 1197 (D. Utah 2024) (quoting *Baum v. Gillman*, 667 P.2d 41, 43 (Utah 1983)) (stating that defamatory words "must fall into one of several

Motion for a More Definite Statement – Michael Lacourse
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 6

A defamation claim *must* identify the defamatory statement with its precise words or close equivalents and refrain from general conclusions to be considered proper.[33] It *must* also detail the timing, location, and audience of the defamatory statement – failure to provide such specifics often results in dismissal.[34] Here, Plaintiffs fail to identify any defamatory words, let alone their *per se* category. The allegation that "Lacourse made similar false and defamatory statements about Plaintiffs" provides Lacourse with no basis to respond and fails to establish how his actions, if proven, satisfy the elements of the offense. Regarding the content, audience, and timing of the alleged defamatory statements, Lacourse is left entirely in the dark. Moreover, "rhetorical hyperbole" or "imaginative expressions" cannot be used as the basis for a defamation claim.[35] Defamation law is intended to protect individuals from *false statements of fact* that may harm their reputation. Here, by withholding the alleged statements, Lacourse cannot meaningfully assess the validity and merit of Plaintiffs' claim.[36] For these reasons, this Court should grant Lacourse's Motion, requiring Plaintiffs to amend their defamation *per se* cause of action against him.

---

categories, including 'the defamatory words must charge criminal conduct, loathsome disease, conduct that is incompatible with the exercise of a lawful business, trade, profession, or office,' or sexual misconduct").
[33] *Boisjoly v. Morton Thiokol, Inc.*, 706 F. Supp. 795, 800 (D. Utah 1988); *see also Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017) (*citing Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 188 (2d Cir. 2000)) (stating that "a defamation complaint cannot couch allegations of falsity in vague, conclusory terms").
[34] *Id.*
[35] *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20, 25 (1990) (statements of "rhetorical hyperbole" or "imaginative expression" are not actionable, as they "cannot reasonably be interpreted as stating actual facts" that could be proved false); *see also Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848 (10th Cir. 1999).
[36] *See Eagle Air Med Corp.*, No. 2:16-CV-176-TC-EJF, 2018 WL 566835, at *3 (*quoting Seegmiller v. KSL, Inc.*, 626 P.2d 968, 977 n.7 (Utah 1981)) (stating that, "[i]n Utah, '[l]ibel is classified per se if it contains defamatory words specifically directed at the person claiming injury, which words must, on their face, and without the aid of intrinsic proof, be unmistakably recognized as injurious'").

Motion for a More Definite Statement – Michael Lacourse
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 7

Importantly, a "statement" is not defamatory "simply because it is nettlesome or embarrassing to a plaintiff, or even because it makes a false statement about the plaintiff."[37] Although Plaintiffs assert that Lacourse made "similar false and defamatory statements about Plaintiffs[,]" they fail to identify the specific statements made by Lacourse, the statements to which they are allegedly similar, or the individuals who made those similar statements. Beyond alleging that Lacourse made statements similar to other Defendants, it is wholly unclear whether any defamatory remarks were made. This sort of confusion justifies an order under Rule 12(e), enabling Lacourse to file an adequate responsive pleading.

Similarly, Plaintiffs' claim that Lacourse intended to make knowingly false and injurious statements, devoid of any factual support, is nothing more than a self-serving conclusion. In essence, Plaintiffs are asking Lacourse to simply take their word for it, which is unreasonable. How can Plaintiffs credibly claim Lacourse intended to make false statements without identifying the very statements they deem false? The absence of specific details—including the alleged statements, their context, and their impact—renders the claim unverifiable, preventing an adequate response.

First, Plaintiffs make sweeping assertions regarding Lacourse's mental state, claiming he "knew" the "statements" about Plaintiffs were false and acted "intentionally" to cause harm.[38] These assertions, unsupported by any discernible factual underpinning, amount to mere conjecture. Simple details regarding the statement, including the words, audience, timing, and intent are not optional; they are required to sufficiently plead a claim of defamation. Defamation is properly

---

[37] *John Bean Techs. Corp.*, 480 F. Supp. 3d at 1322 (*quoting Thomson Newspapers*, 872 P.2d at 1007–08).
[38] Am. Compl. ¶¶231-32.

Motion for a More Definite Statement – Michael Lacourse
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 8

alleged only when it includes the precise defamatory words to ensure the defendant has sufficient notice and can properly respond.[39] Consequently, when a complaint is lacking, a more definite statement is necessary.

Second, the allegation is replete with legal conclusions masquerading as factual assertions. Phrases like "to cause injury," "participation in defamatory conduct," and "willful misconduct" bear legal significance, yet they are presented by Plaintiffs without any factual support. As written, Plaintiffs' claim lacks the substance necessary to allow Lacourse to determine its validity.

Finally, Plaintiffs fail to provide any specific instances of the alleged conduct. A "statement is defamatory if it impeaches an individual's honesty, integrity, virtue, or reputation and thereby exposes the individual to public hatred, contempt, or ridicule."[40] Plaintiffs fail to meet this standard, as vague accusations of wrongdoing do not rise to the level of defamation *per se*.[41] Plaintiffs have not plead specific facts demonstrating how the alleged statement, if proven, damaged their reputation or exposed them to public hatred, contempt, or ridicule. Instead, their allegations are conclusory, painting – with broad strokes – a picture of wrongdoing without providing any of the factual details necessary to discern its contours.

Defamation *per se* also requires defamatory words that are "of such common notoriety that damage can be presumed *from the words alone*."[42] Simply put, Plaintiffs fall short of meeting this

---

[39] *Eagle Air Med Corp.*, No. 2:16-CV-00176-TC-EJF, at *2 (*citing Celli*, 995 F. Supp. 1337) (*citing Goldstein*, 931 F. Supp. 597).

[40] *SME Steel Contractors, Inc. v. Seismic Bracing Co., LLC*, 681 F. Supp. 3d 1181, 1220 (D. Utah 2023) (*quoting Thomson Newspapers*, 872 P.2d 999 at 1008).

[41] *See Westmont Residential LLC v. Buttars*, 2014 UT App 291, ¶24, 340 P.3d 183 (*citing Greenbelt Coop. Publ'g Ass'n v. Bresler*, 398 U.S. 6, 14, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970)) (stating that '"rhetorical hyperbole' vaguely accusing a business of wrongdoing does not rise to the level of defamation per se").

[42] *Shanley*, 716 F. Supp. 3d at 1197 (*citing Baum*, 667 P.2d at 43) (emphasis added).

Motion for a More Definite Statement – Michael Lacourse
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 9

requirement because their claim is based on unsubstantiated allegations of intent and legal conclusions, devoid of specific defamatory words, making it impossible for Lacourse to respond. The absence of specific details—including the alleged statements, their context, and their impact—renders the claim unverifiable. This is fatal. Instead, Plaintiffs have presented a series of conclusions without a single supporting fact. Plaintiffs ask this Court to accept their assertions on faith, without providing any basis for doing so. Plaintiffs' unintelligible allegations demonstrate a clear failure to adhere to the established principle that "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[43] Given the confusing and vague nature of Plaintiffs' defamation *per se* claim, this Court should order a more particularized pleading, requiring Plaintiffs to clearly identify the factual basis of their claim and how Lacourse's actions violated their rights.[44]

## V.     CONCLUSION

For the reasons included herein, Lacourse respectfully requests that this Court grant his Motion.

DATED this 13th day of March 2025.

SNOW JENSEN & REECE, P.C.

/s/ *V. Lowry Snow*
V. Lowry Snow
*Attorney for Michael Lacourse*

---

[43] *Rich v. Stephens Cnty.*, No. 24-6016, 2024 WL 4556391, at *1 (10th Cir. Oct. 23, 2024) (*citing Rich v. Stephens Cnty.*, No.CIV-23-883-J, 2024 WL 382201, at *1 (W.D. Okla. Jan. 31, 2024) (*quoting Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).
[44] *See Torain v. Morrissey*, 559 F. App'x 778 (10th Cir. 2014) (*citing Nasious*, 492 F.3d 1163 at 1163) (stating that "[t]he magistrate judge accordingly instructed Plaintiff to file an amended complaint clearly identifying the specific claims he was asserting, the specific facts that supported each asserted claim, the Defendants against whom he was asserting each claim, and what each Defendant did to allegedly violate his rights").

Motion for a More Definite Statement – Michael Lacourse
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 10

## CERTIFICATE OF SERVICE

  I hereby certify that on this 13th day of March 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically submits a notification of such filing via electronic mail to the following:

Amy Herrington
Lisa R. Petersen
Brenda E. Winberg
Cohne Kinghorn, P.C.
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111

Michael A. Dodge
Matthew W. Jeppson
Darin B. Goff
Jaqualin F. Petersen
Daniel R. Widdison
Katherine B. Bushman
Christine Hashimoto
Utah Attorney General's Office
Litigation Unit
160 East 300 South, 6th Floor
Salt Lake City, Utah 84114

              /s/ *Rebecca A. Killpack*
              Rebecca A. Killpack

Motion for a More Definite Statement – Michael Lacourse
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 11