SNOW JENSEN & REECE, P.C.
V. Lowry Snow (Utah Bar No. 3030)
J. Gregory Hardman (Utah Bar No. 8200)
Devon J. Herrmann (Utah Bar No. 15627)
Tonaquint Business Park
912 West 1600 South, Suite B-200
St. George, UT 84770
Telephone: (435) 628-3688
vlsnow@snowjensen.com
*Attorneys for Richard "Biff" Williams, Michael Lacourse, and Eric Pedersen*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN REGION**

---

| | |
|---|---|
| REBECCA BROADBENT, JARED RASBAND, AND HAZEL SAINSBURY, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD "BIFF" WILLIAMS, JORDON SHARP, DEL BEATTY, MICHAEL LACOURSE, HENRIE WALTON, TIFFANY WILSON, UTAH TECH UNIVERSITY, GEOFF LANDWARD, UTAH BOARD OF HIGHER EDUCATION, UTAH SYSTEM OF HIGHER EDUCATION, THE OFFICE OF THE COMMISSIONER OF HIGHER EDUCATION, ALISON ADAMS, ERIC PEDERSEN, MATT BLACK, JYL HALL, JARED MADSEN, STACY SCHMIDT, BROOKE ULRICH, TRAVIS ROSENBERG, and COURTNEY WHITE. <br><br> JOHN AND JANE DOES I-X <br><br> Defendants. | **DEFENDANT, ERIC PEDERSEN'S, MOTION FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(e) AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br><br><br> Civil No.4:24-cv-00091-DN-PK <br><br> Judge David Nuffer <br><br> Magistrate Judge Paul Kohler |

## <u>TABLE OF CONTENTS</u>

**Page(s)**

COVER PAGE

TABLE OF AUTHORITIES ..................................................................................................ii

MOTION..............................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................1-10

    I.     INTRODUCTION AND SUMMARY OF ARGUMENT .......................................1-2

    II.    FACTS ..................................................................................................................2-3

    III.   LAW ....................................................................................................................3-5

         a.   More Definite Statement....................................................................................3-4

         b.   Short Plain Statement of Claim...........................................................................4-5

    IV.   ARGUMENT .......................................................................................................5-10

         a.   Plaintiffs' Defamation *Per Se* Claim is Vague and Ambiguous, Requiring a More Definite Statement Under Fed. R. Civ. P. 12(e) ...............................................5-10

    V.    CONCLUSION...................................................................................................….10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allied World Nat'l Assur. Co. v. Monavie, Inc.*,
    No. 2:12-cv-393-DAK, 2013 WL 3716530 (D. Utah July 12, 2013) ...................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009) ...........................................................................................5

*Baum v. Gillman*,
    667 P.2d 41, 43 (Utah 1983) ................................................................................ 6, 9

*Becker v. Kroll*,
    494 F.3d 904, 927 (10th Cir. 2007) ...........................................................................5

*Bell Atlantic Corp. v. Twombly et al.*,
    550 U.S. 544, 555 (2007) ....................................................................................…..1

*Boisjoly v. Morton Thiokol, Inc.*,
    706 F. Supp. 795, 800 (D. Utah 1988) .......................................................................6

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*,
    861 F.3d 1081, 1105 (10th Cir. 2017) .......................................................................6

*Bryner v. Utah*,
    No. 2:08-cv-463-CW-SA, 2010 WL 1253974 (D. Utah Mar. 22, 2010) ............................7

*Carson Optical Inc. v. eBay Inc.*,
    202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016) ................................................................7

*Celle v. Filipino Reporter Enters. Inc.*,
    209 F.3d 163, 188 (2d Cir. 2000) .............................................................................6

*Celli v. Shoell*,
    995 F. Supp. 1337 (D. Utah 1998) ...........................................................................4

*Cordero v. Olson Assocs. P.C.*,
    740 F. Supp. 3d 1117, 1124 (D. Utah 2024) ..............................................................7

*Creamer v. Ellis Cnty. Sheriff Dep't*,
    2009 WL 484491, at *1 (D. Kan. Feb. 26 2009)). .......................................................4

*DeBry v. Godbe*,
  (1999 UT 111, ¶ 23, 992 P.2d 979). .................................................................................9

*Eagle Air Med Corp. v. Sentinel Air Med. All., LLC*,
  No. 2:16-CV-00176-TC-EJF, 2019 WL 6879252, at *2 (D. Utah Dec. 17, 2019) ...............4

*Goldstein v. Kinney Shoe Corp.*,
  931 F. Supp. 595, 597 (N.D. Ill. 1996)).............................................................................4

*Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*,
  175 F.3d 848 (10th Cir. 1999). ..........................................................................................7

*Khalik v. United Air Lines*,
  671 F.3d 1188, 1190–91 (10th Cir. 2012) ..........................................................................7

*Mann v. Boatright*,
  477 F.3d 1140, 1148 (10th Cir. 2007)). ..............................................................................5

*May v. Rottinghaus Co., Inc.*,
  394 F. Supp. 3d 1334, 1338 (D. Kan. 2019).........................................................................5

*Milkovich v. Lorain Journal Co.*,
  497 U.S. 1, 20, 25 (1990)...................................................................................................7

*Mitan v. BRCSLC, Inc.*,
  No. 2:09-CV-363, 2010 WL 4024938, at *3 (D. Utah Oct. 13, 2010) ..................................6

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas*,
  891 F.2d 1473, 1480 (10th Cir. 1989) .................................................................................5

*McKinley Med., LLC v. Medmarc Cas. Ins. Co.*,
  No. 11-cv-01218-CMA-KMT, at *14 (D. Colo. Mar. 23, 2012)............................................7

*Nasious v. Two Unknown B.I.C.E. Agents*,
  492 F.3d 1158, 1163 (10th Cir. 2007). .....................................................…...................5, 10

*Nelson v. Intermountain Healthcare*,
  No. 4:24-CV-00097-PK, 2024 WL 4988991, at *1 (D. Utah Dec. 5, 2024)..........................2

*Paciorek v. Lehi City*,
  No. 2:23-CV-00905, 2024 WL 1178583, at *1 (D. Utah Mar. 19, 2024) ...........................1, 5

*Rich v. Stephens Cnty.*,

No. 24-6016, 2024 WL 4556391, at *1 (10th Cir. Oct. 23, 2024)..........................................10

*Robbins v. Oklahoma*,
    519 F.3d 1242, 1250 (10th Cir. 2008)) ...................................................................................10

*Rudder Holding Co., LLC v. Christensen*,
    No. 2:17-CV-00678-DN, 2021 WL 1171781, at *11 (D. Utah Mar. 28, 2021) .....................2

*Shanley v. Hutchings*,
    716 F. Supp. 3d 1179, 1197 (D. Utah 2024)........................................................................6, 9

*SME Steel Contractors, Inc. v. Seismic Bracing Co., LLC*,
    681 F. Supp. 3d 1181, 1220 (D. Utah 2023)...........................................................................9

*Swierkiewicz v. Sorema N. A.*,
    534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002).......................................................................3

*Swig Holdings, LLC v. Sodalicious, Inc.*,
    No. 2:15CV307DAK, 2015 WL 5999896, at *1 (D. Utah Oct. 14, 2015) ..............................4

*Torain v. Morrissey*,
    559 F. App'x 778 (10th Cir. 2014) ........................................................................................10

*U.S.A. United Alliance, LLC v. Workers' Comp. Fund*,
    213 P.3d 20, 26 (Utah Ct.App.2009)). ....................................................................................6

*Van Ornum v. Am. Med. Ass'n*,
    No. 214CV00921RJSEJF, 2017 WL 4339653, at *1 (D. Utah Sept. 29, 2017).......................2

*West v. Thomson Newspapers*,
    872 P.2d 999, 1007–08 (Utah 1994)...........................................................…….....5, 9

**Other Authorities**

Fed. R. Civ. Proc. 8....................................................................................…….....2, 4

Fed. R. Civ. Proc. 12..................................................................................................1, 4

**Pleadings**

First Amended Complaint..................................................................……………….2, 6-8

## MOTION FOR A MORE DEFINITE STATEMENT

Defendant, Eric Pedersen ("Pedersen"), respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 12(e), for an order compelling Plaintiffs Rebecca Broadbent ("Broadbent"), Jared Rasband ("Rasband"), and Hazel Sainsbury ("Sainsbury") (collectively, the "Plaintiffs") to provide a more definite statement regarding their defamation *per se* cause of action. As written, Plaintiffs' defamation *per se* cause of action is vague and ambiguous and fails to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."[1] Consequently, this Court should grant Pedersen's Motion for a More Definite Statement.

Pedersen's Motion is based upon the following Memorandum of Points and Authorities, the pleadings and other documents filed in this action, and any other argument or evidence the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs filed an Amended Complaint against Pedersen on February 24, 2025,[2] raising six causes of action.[3] Of the six causes of action, Plaintiffs' defamation *per se* claim is unintelligible

---

[1] *Paciorek v. Lehi City*, No. 2:23-CV-00905, 2024 WL 1178583, at *1 (D. Utah Mar. 19, 2024) (*quoting Bell Atlantic Corp. v. Twombly et al.*, 550 U.S. 544, 555 (2007)).

[2] The Amended Complaint (Dkt.118) also names Defendants Richard "Biff" Williams, Jordon Sharp, Del Beatty, Michael Lacourse, Henrie Walton, Tiffany Wilson, Utah Tech University, Geoff Landward, Utah Board of Higher Education, Utah System of Higher Education, The Office of the Commissioner of Higher Education, Alison Adams, Matt Black, Jyl Hall, Jared Madsen, Stacy Schmidt, Brooke Ulrich, Travis Rosenberg, Kyle Wells, and Courtney White.

[3] Plaintiffs also allege the following causes of action against Pedersen: false light; tortious interference with both existing and prospective economic relations; intentional infliction of emotional distress; and alternatively, declaratory relief challenging Utah Governmental Immunity Act's constitutionality.

Motion for a More Definite Statement – Eric Pedersen
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 1

and confusing, requiring a more definite statement.[4] The purpose behind Rule 8 is to "provide notice to each individual defendant of the claims against them and the factual support for these claims."[5] On its face, Plaintiffs' defamation *per se* claim fails to establish what Pedersen did, when Pedersen did it, and how Plaintiffs were harmed by Pedersen's actions.[6] Stated differently, Plaintiffs fail to provide Pedersen with sufficient notice of the legal claims being asserted against him, as required under Federal Rule of Civil Procedure 8(a). Accordingly, Pedersen respectfully requests that this Court grant his Motion and direct Plaintiffs to amend their pleadings, allowing him the opportunity to prepare an adequate response.

## II.    FACTS

1.    Defendant, Eric Pedersen, is a Professor of Software Engineering at Utah Tech University ("Utah Tech"), previously a dean, and has been employed by Utah Tech since 2014.

2.    Pedersen is a resident of Utah.[7]

3.    Plaintiffs allege that Pedersen harassed and verbally abused Rasband in a meeting in which he sought to ensure a Title IX complainant would not be subjected to retaliation by Utah Tech officials.[8]

---

[4] *See Rudder Holding Co., LLC v. Christensen*, No. 2:17-CV-00678-DN, 2021 WL 1171781, at *11 (D. Utah Mar. 28, 2021) (*quoting May v. Rottinghaus Co., Inc.*, 394 F. Supp. 3d 1334, 1338 (D. Kan. 2019)) (holding that "a more definite statement is ... appropriate when addressing unintelligible or confusing pleadings").

[5] *Van Ornum v. Am. Med. Ass'n*, No. 214CV00921RJSEJF, 2017 WL 4339653, at *1 (D. Utah Sept. 29, 2017).

[6] *See Nelson v. Intermountain Healthcare*, No. 4:24-CV-00097-PK, 2024 WL 4988991, at *1 (D. Utah Dec. 5, 2024) (concluding that Fed. R. Civ. P. 8(a) mandates pleadings to clearly specify each defendant's actions, timing, resulting harm, and legal violations, ensuring fair notice and a basis for potential relief).

[7] *See* Am. Compl. ¶24.

[8] *Id*. at ¶299.

Motion for a More Definite Statement – Eric Pedersen
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 2

4.    Eventually, Plaintiffs formalized a complaint against Pedersen and others, seeking a remedy to what Plaintiffs allege to be a hostile work environment, harassment, discrimination, retaliation, abusive conduct, and defamation.[9]

5.    Plaintiffs allege that in April 2024, Sainsbury and Broadbent learned, upon information and belief, that "Utah Tech, and/or one or more of the individual Defendants, circulated a false rumor on and off campus that Ms. Broadbent and/or OGC harassed Ms. Sainsbury."[10]

6.    Plaintiffs assert that Broadbent and the Office of General Counsel ("OGC") never harassed Sainsbury, and Sainsbury never filed a complaint for harassment against Broadbent or the OGC.[11]

7.    Plaintiffs assert that Pedersen *or* other Defendants potentially circulated a rumor that Broadbent and/or the OGC harassed Sainsbury.[12] This is the basis of Plaintiffs' defamation *per se* cause of action against Pedersen.

## III.    LAW

### a.    More Definite Statement

A motion for a more definite statement is a procedural device used by courts when "a pleading fails to specify the allegations in a manner that provides [defendant with] sufficient notice"[13] of the claims asserted against him. More specifically, "[i]n the case of a defamation claim, the allegations in the complaint must afford the defendant sufficient notice of the allegedly

---

[9] *Id*. at ¶122.
[10] *Id*. at ¶149.
[11] *Id*. at ¶150.
[12] *Id*. at ¶229.
[13] *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002).

Motion for a More Definite Statement – Eric Pedersen
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 3

defamatory communications to allow him to defend himself…. [F]ederal pleading standards generally require the complaint to state the specific words of the allegedly defamatory statement in order to allow the defendant to frame a responsive pleading."[14]

Additionally, "Rule 12(e) is designed to correct pleadings that are unintelligible not merely to correct a claimed lack of detail."[15] Rule 12(e) provides that a party "may move for a more definite statement of a pleading … which is so vague or ambiguous that the party cannot reasonably prepare a response."[16] Rule 12(e) is to be read in conjunction with the liberal notice pleading requirements of Rule 8(a).[17] In sum, Rule 12(e) serves as a narrow corrective for pleadings that are genuinely incomprehensible, not a tool for demanding minutiae beyond the clear notice requirements of Rule 8(a).

### b. Short Plain Statement of the Claim

In order to state a proper claim, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[18] Rule 8(d)(1) reinforces Rule 8(a)'s requirements by mandating that all allegations be simple, concise, and direct. To comply with Rule 8, a pleading must "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the

---

[14] *Eagle Air Med Corp. v. Sentinel Air Med. All., LLC*, No. 2:16-CV-00176-TC-EJF, 2019 WL 6879252, at *2 (D. Utah Dec. 17, 2019) (*citing Celli v. Shoell*, 995 F. Supp. 1337 (D. Utah 1998) (*citing Goldstein v. Kinney Shoe Corp.*, 931 F. Supp. 595, 597 (N.D. Ill. 1996)).
[15] *Swig Holdings, LLC v. Sodalicious, Inc.*, No. 2:15CV307DAK, 2015 WL 5999896, at *1 (D. Utah Oct. 14, 2015) (*quoting Creamer v. Ellis Cnty. Sheriff Dep't*, 2009 WL 484491, at *1 (D. Kan. Feb. 26 2009)).
[16] Fed. R. Civ. Proc. 12(e).
[17] *See Swig Holdings, LLC*, 2015 WL 5999896, at *1.
[18] Fed. R. Civ. P. 8(a)(2).

Motion for a More Definite Statement – Eric Pedersen
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 4

defendant violated."[19] These requirements ensure fair notice to the opposing party and enable the

court to determine whether the allegations, if proven, warrant relief.[20] Lastly, Rule 8 precludes

mere "labels and conclusions," "formulaic recitation of the elements of a cause of action," and

"naked assertion[s] devoid of 'further factual enhancement.'"[21] Consequently, "Rule 8 serves the

important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the

defendants of the legal claims being asserted."[22]

## IV.    ARGUMENT

### a.    Plaintiffs' Defamation Claim Requires a More Definite Statement

Despite alleging defamation *per se*, Plaintiffs fail to provide Pedersen with fair notice of

the grounds upon which they rest. Plaintiffs' defamation *per se* claim falters upon a fundamental

examination of their allegations. "To state a claim for defamation in Utah, a plaintiff must show

'[1] that defendants published the statements concerning him [either in print or by spoken words],

[2] that the statements were false, defamatory, and not subject to any privilege, [3] that the

statements were published with the requisite degree of fault, and [4] that their publication resulted

in damage.'"[23] Even without proving specific damages, a plaintiff can pursue a defamation claim

by establishing the elements of defamation *per se*. But "[c]laims of defamation *per se* face an even

---

[19] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[20] *See Paciorek*, No. 2:23-CV-00905, 2024 WL 1178583 at *1 (*citing Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious*, 492 F.3d at 1163 (a plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits").

[21] *Id.* (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 559 U.S. at 555, 557) (alteration in original)).

[22] *Id.* (*quoting Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)).

[23] *Becker v. Kroll*, 494 F.3d 904, 927 (10th Cir. 2007) (*quoting West v. Thomson Newspapers*, 872 P.2d 999, 1007–08 (Utah 1994)).

Motion for a More Definite Statement – Eric Pedersen
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 5

more stringent standard."[24] A statement qualifies as defamation *per se* if it alleges: criminal conduct, a loathsome disease, conduct incompatible with a profession, or unchastity of a woman.[25] Plaintiffs' defamation *per se* claim is woefully lacking, as it broadly asserts that Pedersen circulated a rumor either about Broadbent *or* the OGC.[26] Remarkably, Plaintiffs do not provide Pedersen with the very statements they claim are defamatory or the *per se* category. This failure deprives Pedersen of proper notice, which is required under Rule 8, rendering Plaintiffs' defamation *per se* cause of action deficient.[27]

A defamation claim *must* identify the defamatory statement with its precise words or close equivalents and refrain from general conclusions to be considered proper.[28] It *must* also detail the timing, location, and audience of the defamatory statement – failure to provide such specifics often results in dismissal.[29] Here, the Amended Complaint fails to identify any allegedly defamatory words concerning Plaintiffs; let alone identify their *per se* category. Instead, Plaintiffs allege that they "believe" Pedersen, *or* Utah Tech, *or* some unknown John Doe *or* Jane Doe Defendant may

---

[24] *Id.*

[25] *Mitan v. BRCSLC, Inc.*, No. 2:09-CV-363, 2010 WL 4024938, at *3 (D. Utah Oct. 13, 2010) (*citing U.S.A. United Alliance, LLC v. Workers' Comp. Fund*, 213 P.3d 20, 26 (Utah Ct.App.2009)).

[26] Am. Compl. ¶229.

[27] *Se Shanley v. Hutchings*, 716 F. Supp. 3d 1179, 1197 (D. Utah 2024) (*quoting Baum v. Gillman*, 667 P.2d 41, 43 (Utah 1983)) (stating that defamatory words "must fall into one of several categories, including 'the defamatory words must charge criminal conduct, loathsome disease, conduct that is incompatible with the exercise of a lawful business, trade, profession, or office,' or sexual misconduct").

[28] *Boisjoly v. Morton Thiokol, Inc.*, 706 F. Supp. 795, 800 (D. Utah 1988); *see also Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017) (*citing Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 188 (2d Cir. 2000)) (stating that "a defamation complaint cannot couch allegations of falsity in vague, conclusory terms").

[29] *Id.*

Motion for a More Definite Statement – Eric Pedersen
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 6

have circulated a rumor about *either* Broadbent *or* the OGC. "Rhetorical hyperbole" or "imaginative expressions," however, cannot be used as the basis for a defamation claim.[30]

Plaintiffs assert that "[u]pon information and belief, Pedersen, Utah Tech, and/or one or more of the individual Defendants or John and Jane Doe Defendants circulated a rumor they knew to be false on and off campus that Ms. Broadbent and/or OGC harassed Ms. Sainsbury."[31] Be that as it may, this assertion is simply inadequate. The allegation that Pedersen *or* other Defendants "circulated a rumor they *knew* to be false" is directly contradicted by Plaintiffs basing this allegation upon "information and belief."[32] "The court need not accept as true factual allegations *that are contradicted by other factual allegations* within the same pleading."[33] Plaintiffs allege that Pedersen *may have* spread a harmful rumor. By itself, this allegation is a conclusion.[34] Devoid of any factual specificity, Plaintiffs also allege that Pedersen "knew" the rumor to be false. But

---

[30] *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20, 25 (1990) (statements of "rhetorical hyperbole" or "imaginative expression" are not actionable, as they "cannot reasonably be interpreted as stating actual facts" that could be proved false); *see also Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848 (10th Cir. 1999).

[31] Am. Compl. ¶229.

[32] *Id.* (emphasis added).

[33] *Bryner v. Utah*, No. 2:08-cv-463-CW-SA, 2010 WL 1253974, at *5, 2010 U.S. Dist. LEXIS 29132, at *16 (D. Utah Mar. 22, 2010) (emphasis added); *see also Allied World Nat'l Assur. Co. v. Monavie, Inc.*, No. 2:12-cv-393-DAK, 2013 WL 3716530 at *4, 2013 U.S. Dist. LEXIS 97720 at *12 (D. Utah July 12, 2013) (*citing McKinley Med., LLC v. Medmarc Cas. Ins. Co.*, No. 11-cv-01218-CMA-KMT, at *14 (D. Colo. Mar. 23, 2012), for the proposition that courts "need not accept factual claims that are internally inconsistent"); *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016) ("[W]here [a] plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." (citation and internal quotation marks omitted)).

[34] *See Cordero v. Olson Assocs. P.C.*, 740 F. Supp. 3d 1117, 1124 (D. Utah 2024) (*citing Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012)) ("[f]acts alleged "upon information and belief" may meet Rule 12(b)(6)'s plausibility standard so long as they are not merely conclusory and are "peculiarly within the possession and control of the defendant" or "based on factual information that makes [an] inference of culpability plausible").

Motion for a More Definite Statement – Eric Pedersen
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 7

this too is nothing more than a contradictory, self-serving conclusion and, as alleged, it does not support the elements of defamation *per se*, nor is it adequate under Rule 8.

First, the allegation relies on the phrase "upon information and belief," a phrase that, while not inherently problematic, cannot serve as a substitute for concrete factual assertions. Although ordinarily sufficient under Rule 8, allegations based on "information and belief" are improper when used as a cloak to mask a lack of specific knowledge under the guise of legal formality. Here, this phrase serves only to highlight the absence of direct, verifiable evidence and contradicts the assertion that Pedersen *or* the other Defendants "circulated a rumor they *knew* to be false."[35]

Second, the allegation makes sweeping assertions about Pedersen's mental state, claiming – upon information and belief – he "knew" the rumor was false and acted "intentionally" to cause harm. This is an exercise in mind-reading, a leap of logic unsupported by any discernible factual underpinning. How is Pedersen to assess the veracity of these claims without knowing the very statements Plaintiffs claim are defamatory? Providing a short and plain statement of the claim is not optional; it is required to determine its sufficiency.

Third, the allegation is replete with legal conclusions masquerading as factual assertions. Phrases like "injurious," "unprivileged," and "published to third parties" bear legal significance, yet they are presented by Plaintiffs without any factual support. As written, Pedersen cannot adequately respond to Plaintiffs' insufficient defamation *per se* claim.

Finally, and perhaps most critically, Plaintiffs fail to provide any specific instances of the alleged conduct. Plaintiffs do not identify the content of the rumor, whether the rumor was actually circulated, the specific Defendants who circulated the rumor, the specific individuals to whom it

---

[35] Am. Compl. ¶229 (emphasis added).

Motion for a More Definite Statement – Eric Pedersen
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 8

was published, or the specific dates or locations where these events occurred. A "statement is defamatory if it impeaches an individual's honesty, integrity, virtue, or reputation and thereby exposes the individual to public hatred, contempt, or ridicule."[36] Plaintiffs fail to meet this standard, as vague accusations of wrongdoing do not rise to the level of defamation *per se*.[37] Missing from Plaintiffs' defamation *per se* cause of action are facts demonstrating how the alleged rumor, if proven, was defamatory, harmed Plaintiffs' reputation, and exposed them to public hatred, contempt, or ridicule. Instead, their allegations are conclusory, painting – with broad strokes – a picture of wrongdoing without providing any of the factual details necessary to discern its contours.

Defamation *per se* also requires defamatory words that are "of such common notoriety that damage can be presumed from the words alone"[38] and that "the defamatory statement be communicated to a third person and that the third person read and understand the statement."[39] Simply put, Plaintiffs fall short of meeting this requirement because their claim is based on unsubstantiated allegations of intent and legal conclusions, devoid of specific defamatory words, making it impossible for Pedersen to respond. The absence of specific details—including the alleged statements, their context, and their impact—renders the claim unverifiable. This is fatal. Instead, Plaintiffs have presented a series of conclusions without a single supporting fact. Plaintiffs

---

[36] *SME Steel Contractors, Inc. v. Seismic Bracing Co., LLC*, 681 F. Supp. 3d 1181, 1220 (D. Utah 2023) (*quoting Thomson Newspapers*, 872 P.2d at 1008).

[37] *See Westmont Residential LLC v. Buttars*, 2014 UT App 291, ¶24, 340 P.3d 183 (*citing Greenbelt Coop. Publ'g Ass'n v. Bresler*, 398 U.S. 6, 14, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970)) (stating that '"rhetorical hyperbole' vaguely accusing a business of wrongdoing does not rise to the level of defamation per se").

[38] *Shanley*, 716 F. Supp. 3d at 1197 (*citing Baum*, 667 P.2d at 43).

[39] *Id*. (*citing DeBry v. Godbe*, 1999 UT 111, ¶ 23, 992 P.2d 979).

Motion for a More Definite Statement – Eric Pedersen
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 9

ask this Court to accept their assertions on faith, without providing any basis for doing so. Plaintiffs' unintelligible allegations demonstrate a clear failure to adhere to the established principle that "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[40] Given the confusing and vague nature of Plaintiffs' defamation *per se* claim, this Court should order a more particularized pleading, requiring Plaintiffs to clearly identify the factual basis of their claim and how Pedersen's actions violated their rights.[41]

## V.    CONCLUSION

For the reasons included herein, Pedersen respectfully requests that this Court grant his Motion.

DATED this 13th day of March 2025.

SNOW JENSEN & REECE, P.C.

/s/ *V. Lowry Snow*
V. Lowry Snow
*Attorney for Eric Pedersen*

---

[40] *Rich v. Stephens Cnty.*, No. 24-6016, 2024 WL 4556391, at *1 (10th Cir. Oct. 23, 2024) (*citing Rich v. Stephens Cnty.*, No.CIV-23-883-J, 2024 WL 382201, at *1 (W.D. Okla. Jan. 31, 2024) (*quoting Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).
[41] *See Torain v. Morrissey*, 559 F. App'x 778 (10th Cir. 2014) (*citing Nasious*, 492 F.3d at 1163) (stating that "[t]he magistrate judge accordingly instructed Plaintiff to file an amended complaint clearly identifying the specific claims he was asserting, the specific facts that supported each asserted claim, the Defendants against whom he was asserting each claim, and what each Defendant did to allegedly violate his rights").

Motion for a More Definite Statement – Eric Pedersen
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 10

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically submits a notification of such filing via electronic mail to the following:

Amy Herrington
Lisa R. Petersen
Brenda E. Winberg
Cohne Kinghorn, P.C.
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111

Michael A. Dodge
Matthew W. Jeppson
Darin B. Goff
Jaqualin F. Petersen
Daniel R. Widdison
Katherine B. Bushman
Christine Hashimoto
Utah Attorney General's Office
Litigation Unit
160 East 300 South, 6th Floor
Salt Lake City, Utah 84114

/s/ *Rebecca A. Killpack*
Rebecca A. Killpack

Motion for a More Definite Statement – Eric Pedersen
*Rebecca Broadbent, et al v. Richard Williams, et al*
Page 11