IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| REBECCA BROADBENT, et al., <br><br> Plaintiffs, <br> v. <br> RICHARD "BIFF" WILLIAMS, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY <br><br><br> Case No. 4:24-cv-00091-DN-PK <br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiffs' Motion to Disqualify Counsel.[1] For the reasons discussed below, the Court denies the Motion.

I. BACKGROUND

Plaintiffs are current and former employees of Utah Tech University. Rebecca Broadbent was general counsel and Jared Rasband was senior associate general counsel. Hazel Sainsbury is the director and equity compliance and Title IX coordinator. The subject of Plaintiffs' Motion to Disqualify is Jaqualin Friend Peterson. Peterson is the section director of the employment section of the litigation division of the Utah Attorney General's Office and has represented Utah Tech and consulted with Broadbent and Rasband while in their roles as counsel for the University. Plaintiffs contend that through this role, Peterson has become a necessary witness, thereby requiring her disqualification.[2]

---

[1] Docket No. 143, filed April 24, 2025.

[2] The Court is being purposefully terse in its recitation of the background given much of the case's background is sealed.

## II.  DISCUSSION

"The control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge and is thus a matter of judicial discretion."[3] "A district court has broad discretion in imposing the remedy of disqualification."[4] However, federal courts view motions for disqualification with extreme caution and rarely grant them.[5]

"Motions to disqualify are governed by two sources of authority."[6] "First, attorneys are bound by the local rules of the court in which they appear."[7] "Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law."[8]

Under this Court's local rules, attorneys are bound by the Utah Rules of Professional Conduct.[9] Rule 3.7(a) of the Utah Rules of Professional Conduct provides that a lawyer may not act as an advocate at a trial in which the lawyer is likely to be necessary as a witness, with certain exceptions. A lawyer is likely to be a necessary witness where the proposed testimony is relevant, material, not merely cumulative, and unobtainable elsewhere.[10] Disqualification under

---

[3] *Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1383 (10th Cir. 1994) (internal quotation marks and citation omitted).

[4] *Weeks v. Indep. Sch. Dist. No. I-89,* 230 F.3d 1201, 1211 (10th Cir. 2000).

[5] *Parkinson v. Phonex Corp.,* 857 F. Supp. 1474, 1480 (D. Utah 1994), *report and recommendation*.

[6] *Cole,* 43 F.3d at 1383.

[7] *Id.*

[8] *Id.*

[9] DUCivR 83-1.5.1(a).

[10] *World Youth Day, Inc. v. Famous Artists Merch. Exch. Inc.*, 866 F. Supp. 1297, 1302 (D. Colo. 1994); *see also* Utah State Bar Ethics Advisory Opinion No. 04-02 ¶ 5 (2004) ("If the

this rule "has been deemed to be an extreme measure to be imposed only when absolutely necessary."[11] As such, Plaintiffs have the burden of making "a clear showing that continued representation is impermissible."[12]

Plaintiffs have not made this showing. Plaintiffs contend that Peterson is a necessary witness on matters essential to their claims. However, Plaintiffs' own declarations reveal that they are the ones who provided Peterson the information on which they want her to testify. Plaintiffs can testify and present corroborating documentary evidence as to their experiences while working at Utah Tech and what information they conveyed to Peterson. Peterson's testimony on these issues is not required as the proposed testimony can be obtained elsewhere. Further, Peterson's response to the information provided is not contested by Defendants.[13] Therefore, Plaintiffs have failed to demonstrate that Peterson is a necessary witness. Plaintiffs further argue that, as a necessary witness, Peterson's continued representation implicates Rules 1.7 and 1.9. Because Peterson is not a necessary witness, however, the Court need not decide whether her continued representation of certain Defendants implicates other rules of professional conduct.

---

testimony is duplicative and obtainable from other sources, her testimony may not be necessary, and the lawyer should not withdraw or should not be subject to disqualification.").

[11] *Id.* ¶ 8.

[12] *Id.* ¶ 9 n.8; *see also Zions First Nat'l Bank, N.A. v. United Health Clubs, Inc.*, 505 F. Supp. 138, 140 (E.D. Pa. 1981) ("The party seeking to have opposing counsel disqualified has the burden of establishing that counsel's continuing in the case would violate the disciplinary rules.").

[13] Docket No. 175, at 17 ("The actual legal advice given in any of these situations is not contested nor at issue . . . .").

Even if the Court found a violation of the ethical rules in this case, the mere violation of a rule of professional conduct does not automatically require disqualification.[14] The sanction of disqualification of counsel should be measured by the facts of each particular case as they bear upon the impact of counsel's conduct upon the trial.[15] Disqualification is an appropriate remedy where the offending conduct threatens to taint the underlying trial or legal system with a serious ethical violation.[16] Thus, the party seeking disqualification bears the burden of persuasion and must adequately show how the participation of the attorney for the remainder of the case would taint the litigation.[17] Where a threat of tainting the trial does not exist, litigation should proceed with "the remedy for unethical conduct lying in the disciplinary machinery of the state and federal bar."[18]

When determining whether the offending conduct threatens to taint the trial, courts consider several factors:[19] (1) the egregiousness of the violation, (2) the presence or absence of prejudice to the other side, (3) whether and to what extent there has been a diminution of

---

[14] *World Youth Day*, 866 F. Supp. at 1303.

[15] *Parkinson v. Phonex Corp.,* 857 F. Supp. 1474, 1476 (D. Utah 1994), *order adopting report and recommendation*.

[16] *Id*.

[17] *Parkinson v. Phonex Corp.,* 857 F. Supp. at 1480, *report and recommendation*.

[18] *Parkinson v. Phonex Corp.,* 857 F. Supp. at 1476, *order adopting report and recommendation* (internal quotation marks and citation omitted).

[19] *Id*.; *see also Vicidiem, Inc. v. Christensen,* No. 2:19-cv-358 DBB DBP, 2020 WL 5107636, at *4 (D. Utah Aug. 31, 2020).

effectiveness of counsel, (4) hardship to the other side, and (5) the stage of the trial proceedings (i.e., if discovery has closed, disqualification is not necessary).[20]

Here, none of the five factors weigh in favor of disqualification. As discussed above, there appears to be no ethical violation by Peterson's continued representation, let alone an egregious violation warranting disqualification. Relatedly, because Plaintiffs have other sources for their proposed evidence, they cannot demonstrate prejudice or hardship by Peterson's continued representation. Next, there is no evidence suggesting a decrease in the effectiveness of counsel. Finally, this case is in its early stages. Should further information develop suggesting that Peterson's representation could taint these proceedings, the Court can revisit the issue.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Disqualify (Docket No. 143) is DENIED.

SO ORDERED this 1st day of July, 2025.

PAUL KOHLER
United States Magistrate Judge

---

[20] *Gordon v. Jordan Sch. Dist.,* No. 2:17-cv-00677, 2020 WL 4747763, at *2 (D. Utah Aug. 17, 2020).