THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| REBECCA BROADBENT, JARED RASBAND, AND HAZEL SAINSBURY,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD "BIFF" WILLIAMS, JORDAN SHARP, DEL BEATTY, MICHAEL LACOURSE, HENRIE WALTON, TIFFANY WILSON, UTAH TECH UNIVERSITY, GEOFF LANDWARD, UTAH BOARD OF HIGHER EDUCATION, UTAH SYSTEM OF HIGHER EDUCATION, THE OFFICE OF THE COMMISSIONER OF HIGHER EDUCATION, ALISON ADAMS, ERIC PEDERSEN, MATT BLACK, JYL HALL, JARED MADSEN, STACY SCHMIDT, BROOKE ULRICH, TRAVIS ROSENBERG, KYLE WELLS, and COURTNEY WHITE, and JOHN AND JANE DOES I-X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' [178] MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Case No. 4:24-cv-00091<br><br>District Judge David Nuffer |

Plaintiffs, Rebecca Broadbent ("Broadbent"), Jared Rasband ("Rasband"), and Hazel Sainsbury ("Sainsbury," and collectively "Plaintiffs"), move for leave to file their Second Amended Complaint.[1] Plaintiffs' Motion seek to add "Shane B. Smeed ("President Smeed") as a party defendant" and "a new claim for free speech retaliation related to their termination," and "voluntary dismissal of certain claims and the addition of certain claims and parties based on

---

[1] Motion for Leave to File Second Amended Complaint ("Motion"), 2, docket no. 178, filed June 6, 2025.

first-time arguments raised in the Motions to Dismiss, none of which will be prejudicial to Defendants"[2] The following defendants oppose the motion to amend:

(1)    Defendants Utah Board of Higher Education ("UBHE") with Geoffrey Landward ("Landward");[3]

(2)    Richard Williams ("Williams") with Michael Lacourse ("Lacourse") and Eric Pedersen ("Pedersen");[4]

(3)    Utah Tech University ("Utah Tech"), Jared Madsen ("Madsen"), Jyl Hall ("Hall"), Stacy Schmidt ("Schmidt"), Brooke Ulrich ("Ulrich"), Courtney White ("White"), Travis Rosenberg ("Rosenberg"), and President Smeed (collectively these eight defendants are referred to as the "Utah Tech Defendants").[5]

These memoranda in opposition argue that the amendments are (1) unduly delayed; (2) with dilatory motive; and (3) futile.[6]

Defendants Alison Adams ("Adams"), Jordan Sharp ("Sharp"), Del Beatty ("Beatty"), Henri Walton ("Walton"), Tiffany Wilson ("Wilson"), and Kyle Wells ("Wells") did not file an opposition to the Motion, and the time for doing so has expired.[7]

Following a review of the Motion, Oppositions, and Reply, and for the reasons stated herein, the Motion is GRANTED, and the Motions to Dismiss are terminated as MOOT.

---

[2] *Id.* at 2.

[3] Defendants' UBHE and Geoffrey Landward's Opposition to Plaintiff's Motion to file Second Amended Complaint ("UBHE and Landward Opposition"), docket no. 184, filed June 20, 2025.

[4] Defendants Richard "Biff" Williams, Michael Lacourse, and Eric Pedersen's Memorandum in Opposition to Plaintiff[s'] Motion for Leave to File Second Amended Complaint ("Williams, Lacourse, Pedersen Opposition"), docket no. 185, filed June 20, 2025.

[5] University Defendants' Opposition to Plaintiffs' Motion to Amend their First Amended Complaint ("Utah Tech Defendants' Opposition"), docket no. 194, filed July 7, 2025.

[6] *See generally* UBHE and Landward Opposition; Williams, Lacourse, Pedersen Opposition; and Utah Tech Defendants' Opposition.

[7] DUCivR 7-1(a)(4)(D)(ii) ("A response to a motion must be filed within 14 days after service of the motion.").

**Table of Contents**

1    PROCEDURAL BACKGROUND................................................................................. 3
    1.1    Amended Allegations Against Defendant UBHE.................................................. 7
    1.2    Amended Allegations Against Defendant Commissioner Landward...................... 7
    1.3    Amended Allegations Against Defendants Williams, Lacourse, and Pedersen ..... 7
    1.4    Amended Allegations Against Utah Tech Defendants ........................................... 8
    1.5    Scheduling Orders................................................................................................ 9
2    STANDARD OF REVIEW ....................................................................................... 9
3    DISCUSSION ......................................................................................................... 10
    3.1    Undue Delay and Dilatory Motive...................................................................... 11
    3.2    Inadequately Pled and Futility ........................................................................... 14
    3.3    Voluntary Dismissal and Rule 41 ...................................................................... 15
ORDER............................................................................................................................ 16

## 1    PROCEDURAL BACKGROUND

1.    On November 6, 2024, Ms. Broadbent and Ms. Sainsbury received Right to Sue letters from the Equal Employment Opportunity Commission ("EEOC").[8]

2.    The following day, on November 7, 2024, Plaintiffs filed their Complaint (the "Complaint") against Defendants Williams, Sharp, Beatty, Lacourse, Walton, Wilson, Utah Tech, Landward, UBHE, Utah System of Higher Education ("USHE"), the officer of the Commissioner of Higher Education ("OCHE"), Adams, Pedersen, Black, Hall, Madsen, Schmidt, Ulrich, Rosenberg, and White.[9]

3.    At the time the Complaint was filed all Plaintiffs were employed by Utah Tech.[10]

4.    Between December 30, 2024, and January 10, 2025, named defendants were served with or waived service of the Complaint.[11]

---

[8] Motion, 2, docket no. 178.

[9] *See generally* Complaint, docket no. 2, filed November 7, 2025.

[10] Motion at 3, ¶ 3.

[11] Docket nos. 26–28, 86–92.

5.      On February 24, 2025, the parties filed a "Stipulation Regarding Scheduling and Protective Order" ("Stipulated Scheduling Order"), which recognized that Plaintiffs would file an amended complaint.[12]

6.      That same date, Plaintiffs filed their First Amended Complaint "to add Defendant Kyle Wells as a party, information pertaining Plaintiffs' Right to Sue letters from the DOJ, and other allegations."[13]

7.      On February 26, 2025, UBHE announced that Mr. Smeed (hereinafter referred to as "President Steed") had been selected as the 19th president of Utah Tech.[14]

8.      On March 13, 2025, Mr. Lacourse and Mr. Pedersen filed motions for more definite statements which were granted.[15]

9.      On April 9, 2025, the parties filed a stipulated motion to dismiss, which dismissed certain claims without prejudice.[16]

10.      On April 25 and May 9, 2025, all defendants filed motions to dismiss, which have yet to be decided.[17]

---

[12] Docket no. 117, 1, filed February 4, 2025.

[13] Motion at 5, ¶ 12; *see also* Amended Complaint, docket no. 118, filed February 24, 2025;

[14] Motion at 5, ¶ 13.

[15] Defendant Michael Lacourse's, Motion for a More Definite Statement Under Rule 12(e) of the Federal Rules of Civil Procedure and Memorandum of Points and Authorities, docket no. 125, filed March 13, 2025; *see also* Defendant, Eric Pedersen's, Motion for a More Definitive Statement Under Fed. R. Civ. P. 12(e) and Memorandum of Points and Authorities, docket no. 26, filed March 13, 2025; Docket Text Order no. 129.

[16] Notice of Stipulations to Dismiss Certain Claims Without Prejudice, docket no. 130, filed April 9, 2025.

[17] *See* Motion to Dismiss Claims Against Utah Board of Higher Education, Utah System of Higher Education, the Office of the Commissioner of Higher Education, Geoffrey Landward, and Alison Adams, docket no. 154, filed April 25, 2025; Motion to Dismiss Claims Against Jordon Sharp, Del Beatty, Henrie Walton, Tiffany Wilson, and Kyle Wells, docket no. 155, filed April 25, 2025; Defendants Utah Tech University, Matt Black, Jyl Hall, Jared Madsen, Stacy Schmidt, Brook Ulrich, Travis Rosenberg, and Courtney White's Memorandum in Support of Partial Motion to Dismiss, docket no. 157, filed April 25, 2025; Defendant Michael Lacourse's Motion to Dismiss for Failure to State a Claim with Prejudice, docket no. 161, filed May 9, 2025; Defendant Eric Pedersen's Motion to Dismiss plaintiffs' False Light, Intentional Infliction of Emotional Distress, and Tortious Interference causes of Action for Failure to State a Claim, docket no. 162, filed May 9, 2025; Defendant Richard "Biff" Williams Motion to Dismiss Plaintiffs' Defamation Per Se and False Light Causes of Action for Failure to State a Claim With

11. On or about May 1, 2025, President Smeed started his new position as president of Utah Tech.[18]

12. A week later, on May 8, 2025, President Smeed notified Ms. Broadbent (via email) and Mr. Rasband (in a meeting) that their employment at Utah Tech had been terminated.[19]

13. In a written notification to Ms. Broadbent and Mr. Rasband regarding their termination, President Smeed identified the reasoning for termination to be that "their statements reflected 'personal animosity and distrust of the University and many of its employees, including . . . senior campus administrators . . . Lacourse, . . . Beatty, . . . Sharp, and . . . Walton.'"[20]

14. President Smeed cited Utah Tech Policy 372, sections 1.2 and 4.5 in his termination letters to Ms. Broadbent and Mr. Rasband.[21]

15. On May 9 and 19, 2025, the parties stipulated to extending Plaintiffs time to respond to the Motions to Dismiss.[22]

16. On June 6, 2025, Plaintiffs filed this Motion to Amend.[23]

---

Prejudice, docket no. 163, filed May 9, 2025; Defendant Richard Williams' Motion to Dismiss Plaintiffs' Tortious Interference and Intentional Infliction of Emotional Distress Causes of Action for Failure to State a Claim with Prejudice, docket no. 164, filed May 9, 2025. Collectively these motions and the motions for definitive statements are referred to as the "Motions to Dismiss."

[18] Motion, 5, ¶ 18, docket no. 178.

[19] *Id.* ¶ 19.

[20] Second Amended Complaint ("Proposed Second Amended Complaint"), Exhibit 2 to the Motion, 39, ¶ 168; Motion at 5, ¶ 20.

[21] Motion at 6, ¶ 21; *see also* Utah Tech Defendants' Opposition at 4, ¶ 9.

[22] Docket nos. 160, 167.

[23] Docket no. 178.

17.     On June 23, 2025, after the Motion to Amend was filed, the parties agreed again to extend the deadline for Plaintiffs' response to the Motions to Dismiss, this time to "on or before twenty-eight (28) days after the Court enters an Order on Plaintiffs' Motion to Amend."[24]

18.     The Motion seeks to amend the Amended Complaint to remove USHE and OCHE as defendants; add President Smeed as a new defendant; and add an additional cause of action for "Deprivation of Plaintiffs' Exercise of Free Speech in Violation of 42 U.S.C. 1983—Ms. Broadbent and Mr. Rasband Against Defendants Smeed, Landward, Utah Tech, and UBHE." [25]

19.     The Second Amended Complaint includes twenty-one (21) causes of action plead—the newest cause of action is now the 20th, and the last cause of action, now the 21st, was previously the twentieth cause of action.[26] Plaintiffs' 21st cause of action is an alternative cause of action for declaratory relief finding UGIA unconstitutional.[27]

20.     Defendants UBHE, Landward, Mr. Williams, Mr. Lacourse, Mr. Pedersen, Utah Tech University, Mr. Black, Ms. Hall, Mr. Madsen, Ms. Schmidt, Ms. Ulrich, Mr. Rosenberg, Mr. White, and President Smeed oppose the Motion.[28]

21.     Defendants Adams, Sharp, Beatty, Walton, Wilson, and Wells have not opposed the Motion.

---

[24] Order Granting Stipulated Motion to Extend Deadline to Respond to Defendants' Oppositions to the Motion to Amend, docket no. 190, filed June 25, 2025.

[25] Proposed Second Amended Complaint, 2, 77, ¶¶ 363–70.

[26] *Id.*

[27] *Id.* at 77–78.

[28] Docket nos. 184, 185, 194, 197.

### 1.1  Amended Allegations Against Defendant UBHE

22.    UBHE opposes the addition of "a section 1983 claim against UBHE in the new Cause of Action Twenty and maintaining the other two [existing] Section 1983 claims" as legally futile.[29]

### 1.2  Amended Allegations Against Defendant Commissioner Landward

23.    The Second Amended Complaint seeks to add Commissioner Landward on all § 1983 claims and claims of violations of the Utah Constitution.[30]

24.     Plaintiffs' proposed amendments specific to Commissioner Landward include:

  a.  Removal of Commissioner Landward as a defendant in Plaintiffs' Fifteenth Cause of Action for Intentional Infliction of Emotional Distress;[31]
  b.  Adding Commissioner Landward as a defendant in Plaintiffs' Sixteenth; Seventeenth; Eighteenth; Nineteenth; and Twentieth Causes of Action; and,[32]
  c.  Adding additional facts to its Sixteenth, Seventeenth, and Eighteenth Causes of Action specific to Commissioner Landward's failure to provide Plaintiffs with pre-leave and pre-termination procedures.[33]

25.    Commissioner Landward has opposed the Motion arguing that these amendments lack specificity and are futile.[34]

### 1.3  Amended Allegations Against Defendants Williams, Lacourse, and Pedersen

26.    Defendants Williams, Lacourse, and Pedersen "do not directly oppose the majority of Plaintiffs' proposed amendment—the new cause of action, new party, and recent

---

[29] UBHE and Commissioner Landward Opposition at 5.

[30] *Id.* at 2.

[31] Proposed Second Amended Complaint at 68.

[32] *Id.* at 70, 72, 74, 76, 77.

[33] *Id.* at 71–72, ¶¶ 329–332; *see also id.* at 73–74, ¶¶ 339–42; *see also id.* at 75, ¶¶ 351–54.

[34] UBHE and Commissioner Landward Opposition at 1, 6–7.

facts regarding alleged retaliation do not appear to directly involve claims against Defendants Williams, Lacourse, and Pedersen."[35]

27.    Plaintiff's Second Amended Complaint removes Mr. Lacourse and Mr. Pedersen as defendants from the false light (11th) and intentional infliction of emotional distress (15th) claims.[36] Mr. Lacourse and Mr. Pedersen argue that these amendments are proper but dismissed under Rule 41's "two dismissal rule."[37]

28.    However, Mr. Williams objects to "Plaintiffs' proposed amendments in paragraphs 270, 271, 318, 319, 353, and 354," and argues "Plaintiffs seek to add factual bases to their allegations against Defendant Williams that have long been known (or believed) by Plaintiffs," and were not raised in a timely manner.[38]

29.    Mr. Williams argues the Motion is unduly delayed, a dilatory tactic, and futile.[39]

### 1.4   Amended Allegations Against Utah Tech Defendants

30.    Utah Tech Defendants oppose the Motion "based on the lack of adequate pleading and the ultimate futility of many of the proposed amendments."[40]

31.    Plaintiffs seek to amend their First Amended Complaint to add Utah Tech University President Shane Smeed as a new defendant.[41]

32.    Plaintiffs then assert five claims against him: Tortious Interference with Economic Relations (Thirteenth); Tortious Interference with Prospective Economic Relations

---

[35] Williams, Lacourse, Pedersen Opposition at 2.

[36] Proposed Second Amended Complaint at 55, 68.

[37] Williams, Lacourse, Pedersen Opposition at 8–9.

[38] *Id.* at 2, 6.

[39] *Id.* at 3.

[40] Utah Tech Defendants' Opposition at 2.

[41] *Id.;* Proposed Second Amended Complaint; *see also* Motion at 1.

(Fourteenth); Deprivation of Property without Due Process under Section 1983 (Sixteenth); and Deprivation of Property without Due Process under the Utah Constitution (Seventeenth); Deprivation of Liberty without Due Process under Section 1983 (Eighteenth & Nineteenth).[42]

33.     Plaintiffs also seek to add Mr. Rosenberg as a defendant to four of their claims involving deprivation of property and liberty interests: Deprivation of Property without Due Process under Section 1983 (Sixteenth); Deprivation of Property without Due Process under the Utah Constitution (Seventeenth); and Deprivation of Liberty without Due Process under Section 1983 (Eighteenth & Nineteenth).[43]

34.     Mr. Rosenberg and Mr. Smeed argue that these amendments are futile and are inadequately plead.[44]

35.     Utah Tech the Sixteenth, Eighteenth, and Nineteenth claims made against Utah Tech are not amended, but argues "they remain," and "cannot survive a motion to dismiss," and therefore the "amendment is futile."[45]

### 1.5  Scheduling Orders

36.     On February 24, 2025, the parties "agreed to delay the issuance of a scheduling order until after the resolution of [the M]otions to [D]ismiss."[46]

## 2   STANDARD OF REVIEW

Generally, once a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[47] "The court should freely give leave

---

[42] Utah Tech Defendants' Opposition at 2.

[43] *Id.*

[44] *Id.* at 2–3, 7–11.

[45] *Id.* at 3.

[46] Motion at 4 – 5, ¶ 11; *see also* Stipulated Scheduling Order at 1.

[47] Fed. R. Civ. P. 15(a)(2).

when justice so requires."[48] "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" [49] There are four factors a court must consider when a party seeks to amend its complaint without the other party's consent:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."[50]

"[W]hether the amendment would prejudice the nonmoving party" is the "most important, factor in deciding a motion to amend the pleadings."[51] No party has argued there would be any undue prejudice by virtue of allowance of the amendment.[52] "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."[53]

## 3    DISCUSSION

The elements at issue here concern whether the amendment was filed: (1) with undue delay; (2) with dilatory motive; or (3) with amendments that would be futile.[54] For the reasons stated, the Motion is GRANTED, and the Motions to Dismiss are terminated as MOOT.

---

[48] *Id.*

[49] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)(quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir.1982)).

[50] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009).

[51] *Minter*, 451 F.3d at 1208.

[52] *See generally* UBHE and Commissioner Landward Opposition; Williams, Lacourse, and Pedersen Opposition; and Utah Tech Defendants' Opposition.

[53] *Minter*, 451 F.3d at 1204 (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, (1971)).

[54] *See generally* Oppositions; *see also* Reply at 2.

10

### 3.1   Undue Delay and Dilatory Motive

"Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action."[55] "Lateness in and of itself does not justify denial of the amendment," but "undue" lateness can.[56] "Delay is 'undue' only if it will place an unwarranted burden on the Court or become prejudicial to the opposing party."[57] "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[58]

The Tenth Circuit "focuses primarily on the reason for the delay," and expects and adequate explanation if there is a delay.[59] A court may deny a motion for leave to amend if the party demonstrates a dilatory motive or bad faith.[60] Here, Defendants Williams, Lacourse, and Pedersen are the only parties who argues that the Motion is untimely with dilatory motive.[61] These defendants have not argued that the amendments would be prejudicial, but, that they are amendments to add long-known facts.[62]

These defendants argue untimeliness in proposed amendments concerning Mr. Williams.[63] , which Mr. Williams argues that paragraphs 270, 271, 318, 319, 353, and 354were "long-known facts that could have been pleaded in Plaintiffs' original or first-amended

---

[55] *Minter*, 451 F.3d at 1205.

[56] *Id.*

[57] *Weinfuse, LLC v. Endue, Inc.*, No. 2:24-CV-518-RJS-JCB, 2025 WL 1000836, at *3 (D. Utah Apr. 3, 2025) (quoting *Sullivan v. Equifax Info. Servs. LLC*, No. 14-cv-02377-CMA-KLM, 2015 WL 4480899, at *4 (D. Colo. July 23, 2015) (citing *Minter*, 451 F.3d 1196 at 1205).

[58] *Minter*, 451 F.3d at 1205.

[59] *Id.* at 1206.

[60] *Foman*, 371 U.S. 178.

[61] Williams, Lacourse, and Pedersen Opposition at 2, 5–7.

[62] *See id.*

[63] *Id.* at 6.

complaints but only appear now in response to Defendants' motions to dismiss."[64] Mr. Williams cites to the general legal standard from *Nautilus Ins. Co. v. Back Nine Maint., LLC* to support this assertion, which explains that an amendment is not unduly delayed when it is filed within a "reasonable time."[65]

In their Reply, Plaintiffs argue that these "few paragraphs" disputed by Mr. Williams are "only proposed for the Second Amended Complaint as a means of adding further clarification to the original allegations that Plaintiffs already included in the prior complaint."[66] Further, they argue they do not "alter or add new claims . . . but rather, provide further clarification for the original allegations pleaded in the Complaint and First Amended Complaint."[67] Plaintiffs also argue that a significant portion of the Second Amended Complaint is related to new facts concerning Ms. Broadbent and Mr. Rasbands' termination from Utah Tech.[68]

The Tenth Circuit, in *Myers v. Alliance for Affordable Services*, affirmed denial of a motion to amend as untimely and prejudicial.[69] In *Myers*, the Tenth Circuit explained, plaintiffs sought, three weeks before the close of discovery and six months before trial, to add a new fraud claim.[70] The Tenth Circuit held the amendment sought to introduce an entirely new theory into the case, and in turn would have required significant additional discovery, and with discovery nearly closed, it created undue delay and would have prejudiced the defendants.[71]

---

[64] *Id.* at 6.

[65] *Id.* at 6; *see also Nautilus Ins. Co. v. Back Nine Maint., LLC,* No. 2:24-CV-00006, 2025 WL 1433924, at *4 (D. Utah May 19, 2025).

[66] Reply at 4.

[67] *Id.*

[68] *Id.*

[69] *Myers v. All. for Affordable Servs.*, 371 F. App'x 950, 961 (10th Cir. 2010).

[70] *Id.*

[71] *Id.*

In *Nautilus v. Back Nine*, an unreported decision cited by Mr. Williams and Plaintiffs, the magistrate judge found that the motion to amend was filed within a reasonable time after service of discovery responses, which gave rise to the amendments in Back Nine's answer and counterclaims.[72] The magistrate judge also found it reasonable because the parties were in discussions related to adequacy in production of discovery.[73]

Unlike in *Myers,* and more akin to *Nautilus*, here, Plaintiffs' amendments to paragraphs 270, 271, 318, 319, 353, and 354 do not introduce a new theory or claim into the case that would be considered unduly delayed. This case is procedurally in its infancy, also unlike both *Myers* and *Nautilus*, which were much more advanced into the discovery stages.

The Williams, Lacourse, and Pedersen Opposition does not expressly identify any dilatory motives. It is a stretch to unmeritorious delay when a scheduling order is not in place, discovery is still ongoing disclosures have not been exchanged, at the time of the Motion's filing), and there is no trial date set.[74]

As the Motion indicates, a scheduling order in this matter hinges on the outcome of this Motion.[75] The procedural timeline matters here: Plaintiffs filed their First Amended Complaint on February 24, 2025.[76] The Motions to Dismiss were filed the end of April and beginning of May 2025.[77] Plaintiffs were terminated on May 8, 2025.[78] This Motion seeking to amend the

---

[72] *Nautilus*, 2025 WL 1433924, at *4.

[73] *Id.*

[74] Motion at 8.

[75] *Id.*

[76] Docket no. 118.

[77] *See* docket nos. 154–55, 157, 161–64.

[78] Motion at 5, ¶ 19.

Amended Complaint was then filed on June 6, 2025.[79] This is an approximately four-month span of events and less than a month after termination.

Accordingly, the Motion is without dilatory effect or motives.

### 3.2   Inadequately Pled and Futility

The Tenth Circuit has explained: "A district court may refuse to allow amendment if it would be futile."[80] All of the defendants opposing the Motion argue "futility of amendment" as a basis for denying the Motion.[81] "Nevertheless, it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions."[82] This is also the appropriate approach in this case.[83]

In *Complete Merchant*, the FTC had a pending motion to dismiss and argued futility in opposition to Complete Merchant's motion to amend.[84] The magistrate judge in *Complete Merchant* declined to entertain two separate motions, one for amendment and one for dismissal, explaining: "Rather than addressing parallel jurisdictional arguments as to the existing claims and proposed claims piecemeal in the context of two separate motions, the court finds these arguments would be more properly addressed as to all claims in the context of a motion to dismiss."[85]

---

[79] *Id.*

[80] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[81] UBHE and Landward Opposition, 5–7, 10, docket no. 184; Williams, Lacourse, and Pedersen Opposition, 6–8, docket no. 185; Utah Tech Defendants' Opposition, 6–11, docket no. 194.

[82] *Complete Merch. Sols., LLC v. Fed. Trade Comm'n*, No. 219CV00963HCNDAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020).

[83] *Id.* at *4.

[84] *Id.* at *3.

[85] *Id.*

In conclusion, the Defendants' arguments of futility and the inadequacy of the pleadings are more properly addressed in the context of dispositive motions, and, therefore, this order declines to engage in a futility analysis.

### 3.3   Voluntary Dismissal and Rule 41

Federal Rule of Civil Procedure 41 provides: "except as provided in Rule 41(a)(1), [which allows for dismissal without a court order,] an *action* may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[86]

Mr. Lacourse and Mr. Pedersen argue that the claims that were previously brought against them in the Amended Complaint, and which are no longer contained in the proposed Second Amended Complaint should be dismissed under the "two dismissal rule."[87] Mr. Lacourse or Mr. Pedersen's Opposition cites no case law that supports this assertion. Rule 41 expressly applies to an entire action and not to individual claims.

Rule 41 is inapplicable to the procedural posture of this case. The two-dismissal rule identified by Mr. Lacourse and Mr. Pedersen is triggered when there is a dismissal of the entire action by a plaintiff without a court order: "[T]he plaintiff may dismiss an action without a court order . . . But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."[88]

Therefore, Rule 41 is inapplicable here.

---

[86] Fed. R. Civ. P. 41.

[87] Williams, Lacourse, and Pederson Opposition, 9.

[88] *Id.* at 8–9; Fed. R. Civ. P. 41(a)(1)(B).

15

**ORDER**

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Second Amended

Complaint[89] is GRANTED, and the Motions to Dismiss[90] are MOOT.

Signed April 30, 2026.

BY THE COURT

_____

David Nuffer
United States District Judge

---

[89] Motion, 2, docket no. 178.

[90] Motion to Dismiss Claims Against Utah Board of Higher Education, Utah System of Higher Education, the Office of the Commissioner of Higher Education, Geoffrey Landward, and Alison Adams, docket no. 154, filed April 25, 2025; Motion to Dismiss Claims Against Jordon Sharp, Del Beatty, Henrie Walton, Tiffany Wilson, and Kyle Wells, docket no. 155, filed April 25, 2025; Defendants Utah Tech University, Matt Black, Jyl Hall, Jared Madsen, Stacy Schmidt, Brook Ulrich, Travis Rosenberg, and Courtney White's Memorandum in Support of Partial Motion to Dismiss, docket no. 157, filed April 25, 2025; Defendant Michael Lacourse's Motion to Dismiss for Failure to State a Claim with Prejudice, docket no. 161, filed May 9, 2025; Defendant Eric Pedersen's Motion to Dismiss plaintiffs' False Light, Intentional Infliction of Emotional Distress, and Tortious Interference causes of Action for Failure to State a Claim, docket no. 162, filed May 9, 2025; Defendant Richard "Biff" Williams Motion to Dismiss Plaintiffs' Defamation Per Se and False Light Causes of Action for Failure to State a Claim With Prejudice, docket no. 163, filed May 9, 2025; Defendant Richard Williams' Motion to Dismiss Plaintiffs' Tortious Interference and Intentional Infliction of Emotional Distress Causes of Action for Failure to State a Claim with Prejudice, docket no. 164, filed May 9, 2025.